

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George D. Morgan, Member
The Board of Regents of
The University of Texas
San Angelo, Texas

Dear Sir:

Opinion No. O-1103
Re: The duty of a common pur-
chaser of oil to purchase
oil ratably between oil
fields and between producers
within the same field.

We acknowledge receipt of your letter of July 7, 1939,
with which you enclosed a letter to Col. Ernest O. Thompson and
a copy of an opinion which has been furnished to the Board of
Regents by Mr. Scott Gaines. The questions which you ask are
as follows:

"If oil is being purchased by a common
purchaser from one or more fields in a general
area and oil from another field in that area
is tendered to such common purchaser, would the
common purchaser be required to purchase such
oil in order to carry out the provision that
there shall be 'no unreasonable discrimination
between fields in this State.'

"As a concrete example, if Humble should
at any future date discontinue the purchase of
oil from Gilcrease now that line has been con-
structed to Humble's main line, could Humble be
forced to continue purchase of this oil?

"If in your opinion the answer to this is
in the affirmative, could any producer in a gen-
eral area served by a common purchaser force

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

prorata purchase of oil by tendering same to common purchaser?"

In further explanation of your questions, you state in your letter to Col. Thompson that Gilcrease Oil Company has drilled some twenty wells on land in Crockett County belonging to the University of Texas, and that Gilcrease Oil Company has constructed a pipe line from these wells to McCamey, where a connection is made with Humble Pipe Line Company.

Your questions assume that Humble Pipe Line Company is in fact a common purchaser, and this opinion is based on that assumption. This fact issue is important, because, under the decision of the United States District Court in Texoma Natural Gas Co. vs. Railroad Commission of Texas, 59 Fed. (2) 750, it would be unconstitutional to apply the common purchaser statute to a pipe line which was not in fact a common purchaser.

As pointed out in the opinion by Mr. Scott Gaines, the principal statutes relating to common carrier pipe lines are Articles 6018, 6019, 6023, 6040, 6041, 6043, 6045, 6048, and 6049a of Vernon's Annotated Civil Statutes. With reference to your first question, the most pertinent statutes are 6040, 6045, and 6049a, Sec. 8.

Article 6040 provides, in part, that a common carrier pipe line "shall be required to install and maintain facilities for the receipt and delivery of crude petroleum of patrons at all points on such pipe line."

Article 6045 provides that no common carrier pipe line "shall discriminate between or against shippers in regard to facilities furnished or service rendered."

Section 8 of Article 6049a provides that all common carrier pipe lines shall be common purchasers and that no common purchaser shall discriminate in its purchases "in favor of one producer or person as against another in the same field" or "as between fields in this state." It is further provided by this statute that the question of the justice or reasonableness of any discrimination is to be determined by the Railroad Commission "taking into consideration the production and age of wells in respective fields and all other proper factors."

We agree with the conclusion expressed by Mr. Scott Gaines that the foregoing statutory provisions are applicable by

their express terms to producers in different fields as well as to producers within the same field, and that under these statutes a common purchaser is prohibited from making any unjust or unreasonable discrimination as between fields in this state.

We also agree with Mr. Gaines' conclusion with reference to your second question, and it is our opinion that a producer in a general area served by a common purchaser can force prorata purchase of oil by tendering same to a common purchaser, assuming, of course, that the producer complies with the rules of the Railroad Commission as to the quantity and quality of the oil which is tendered. We believe that this conclusion necessarily follows from the prohibition against discrimination, because ratable purchasing is the only method of avoiding a discrimination between producers.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James P. Hart

James P. Hart
Assistant

JPH:RS

APPROVED SEP 1, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN